# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 16-CR-89-LRR |
| | ‖ | |
| vs. | ‖ | **ORDER** |
| | ‖ | |
| TONY EUGENE DOOLIN, | ‖ | |
| Defendant. | ‖ | |

The matter before the court is Defendant Tony Eugene Doolin's "Motion to Enjoin U.S. Department of Justice Funds and Dismiss Violation Petition" ("Motion") (docket no. 68), which was filed on April 24, 2023. For the following reasons, the court denies Defendant's Motion.

## I.      BACKGROUND

Defendant pleaded guilty to one count of distribution of a controlled substance (cocaine base) on December 29, 2016 (docket nos. 20, 22, 24). The court imposed a 60 month term of imprisonment, followed by a four year term of supervised release (docket no. 36). The terms of Defendant's supervised release mandate the standard restrictions, and that Defendant not commit another federal, state, or local crime, and that he shall not unlawfully possess or use a controlled substance. *Id.* at 3.

On March 17, 2023, the United States Probation Office ("USPO") filed a petition to revoke supervision and the court ordered the issuance of a warrant (docket no. 43). The warrant was returned executed on March 27, 2023, and Defendant was detained (docket nos. 47, 49, 55). The USPO also filed a first supplemental and substituted petition to revoke supervision (docket no. 53), followed by a second supplemental and

substituted petition to revoke supervision (docket no. 59), which was filed on April 11, 2023. The petition alleges the following violations of supervised release: use of marijuana (on three occasions), and failure to comply with substance abuse testing (on two occasions) (docket no. 43). The second supplemental, and current, petition additionally alleges the following violations: use of marijuana (on five occasions); failure to truthfully answer inquiries; association with those engaged in criminal activity; and a new law violation of distribution of a controlled substance under 21 U.S.C. § 841(a)(1), (b)(1)(D) (docket no. 59 at 3).

In his notice of contested issues, Defendant admits to his use of marijuana (docket no. 60). Defendant holds a Medical Cannabidiol Registration Card in Iowa. Motion at 5. On March 31, 2023, a detention hearing was held before the magistrate judge (docket no. 55). At the detention hearing, Defendant testified that he applied for a registration card and that he knew marijuana was illegal at the federal level (docket no. 61 at 27). He also testified to being newly addicted to marijuana. *Id.* at 28. Defendant's girlfriend testified that she and Defendant smoked marijuana together daily while she was pregnant. *Id.* at 7-8. Defendant also stated that they smoked his medical marijuana together using a vape pen. *Id.* at 40-41.

On May 24, 2023, Defendant filed the Motion, and the court ordered the government to file a response (docket no. 70). On May 1, 2023, the government timely filed "Government Resistance to Defendant's Motion to Enjoin Use of U.S. Department of Justice Funds and Dismiss Violation Petition" ("Resistance") (docket no. 71). Defendant argues that the Department of Justice ("DOJ") is prohibited from using its funds to prosecute the revocation case against him. *See* Motion at 6. In the Motion, Defendant asserts that the Consolidated Appropriations Act of 2023 prevents DOJ from using its funding to prosecute a case for a violation of the terms of his supervised release by using marijuana because he has a valid medical cannabidiol registration card issued by the state of Iowa. *See id.* Defendant understands Section 531 of the Appropriations

2

Act to prohibit DOJ from using any of its funds to prevent Iowa from implementing any of its own laws related to "the use, distribution, possession, or cultivation of medical marijuana." *Id.* at 4. Thus, he asserts that the court should enjoin DOJ from spending any funds to prosecute him and dismiss USPO's petition because he is a registered medical marijuana user under Iowa law. *See id.* at 8. The government argues that it may use funds to prosecute Defendant if his conduct was not authorized by Iowa law. Resistance at 7. The government also asserts that the rider does not prevent DOJ from using its funds to prosecute individuals but only the states. *Id.* at 10. The government further argues that the rider does not invalidate federal laws prohibiting the possession or use of marijuana. *Id.* at 7. Additionally, it asserts that because Defendant seeks an injunction, he bears the burden of showing both that his conduct was authorized under Iowa law and that a prosecution will prevent Iowa from implementing its medical marijuana laws. *Id.* at 11. The government concludes that the court should deny the motion because Defendant has failed to show that he has complied with Iowa law or that a prosecution interferes with Iowa law. *Id.* at 15-16.

## II. APPLICABLE LAW

"No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law." U.S. Const., art. I, § 9. Related to that prohibition, Section 531 of the Consolidated Appropriations Act ("the rider") provides that:

3

None of the funds made available under this Act to the Department of Justice may be used, with respect to any of the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming, or with respect to the District of Columbia, the Commonwealth of the Northern Mariana Islands, the United States Virgin Islands, Guam, or Puerto Rico, to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated Appropriations Act of 2023, Pub. L. No. 117-328, § 531, 136 Stat. 4459 (2022).

Under the Controlled Substances Act, 21 U.S.C. § 812(b)(1), (c), ("CSA"), marijuana is a schedule I drug that "is contraband for any purpose." *United States v. Schostag*, 895 F.3d 1025, 1028 (8th Cir. 2018) (quoting *Gonzales v. Raich*, 545 U.S. 1, 27 (2005)). Although many states legalized use of marijuana in various forms, those state laws conflict with federal law. *Id.* "Where there is a conflict between federal and state law with respect to marijuana, '[t]he Supremacy Clause unambiguously provides . . . federal law shall prevail.'" *Id.* (quoting *Raich*, 545 U.S. at 29). Accordingly, marijuana is contraband under federal law and its possession or use is prohibited by the mandatory terms of supervised release.[1] *See id.* 895 F.3d at 1028 (holding that the district court had no discretion to allow the defendant to use medical marijuana while on

[1] The mandatory conditions of supervised release in 18 U.S.C. § 3583(d) include that a defendant 1) must not commit another federal, state, or local crime; and 2) must not unlawfully possess a controlled substance. *Id.*; (*see* docket no. 36 at 2). Additionally, the standard terms of supervised release provide that "the defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician" (docket no. 36 at 3).

4

supervised release and did not abuse its discretion by clarifying that the terms of supervised release prohibited the defendant from purchasing, possessing, using, distributing, or obtaining or possessing a medical marijuana card or prescription). Also, federal courts do not have the power to modify the conditions of supervised release to contradict federal law. *See, e.g.*, *Schostag*, 895 F.3d at 1027; *United States v. Nixon*, 839 F.3d 885, 888 (9th Cir. 2016) (explaining that the district court did not abuse its discretion when it refused to modify the terms of supervised release to allow a defendant under supervision to possess and use medical marijuana because "the CSA continues to apply in all 50 states" although the appropriations rider circumscribes DOJ's use of funds to pursue individual prosecutions).

In Iowa, the Medical Cannabidiol Act allows Iowa residents to apply for a medical registration card allowing them to obtain medical marijuana from licensed dispensaries. *See generally* Iowa Code § 124E. Those who receive medical cannabidiol are prohibited from possessing or using it in violation of § 124E and are subject to the penalties under Iowa Code §§ 124 and 453B. *Id.* at § 124E.16. Iowa law also prohibits registered card holders from smoking marijuana. *Id.* at § 124E.17.

## III. ANALYSIS

The Eighth Circuit has not had the opportunity to address the rider and the extent to which it prohibits DOJ from using funds to prevent one of the enumerated states "from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated Appropriations Act of 2023, Pub. L. No. 117-328, § 531, 136 Stat. 4459 (2022). The First and Ninth Circuits have both held that the rider "prohibits DOJ from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws." *United States v.McIntosh*, 833 F.3d 1164, 1178-79 (addressing indictments made under CSA for marijuana offenses); *United States v. Bilodeau*, 24 F.4th 705, 713 (1st Cir. 2022) (same) ("[T]he

5

prosecution of persons whose conduct fully complied with the [Maine] Act and its associated regulations would prevent the law from having much practical effect. Such actions would render strict compliance with Maine's medical marijuana laws cause for conviction and imprisonment. This is precisely what the rider forbids."). Both circuits found that DOJ's prosecution of an individual who was not in compliance with the medical marijuana law of the state did not prevent the implementation of a state's medical marijuana law. *McIntosh*, 833 F.3d at 1178 ("DOJ does not prevent the implementation of rules authorizing conduct when it prosecutes individuals who engage in conduct unauthorized under state medical marijuana laws."); *Bilodeau*, 24 F.4th at 715 (explaining the defendants' unauthorized conduct under state law and subsequent prosecution was anticipated by state law and therefore would have no unwelcome effect or prevent the implementation of the state's medical marijuana laws); *see also United States v. Jackson*, 388 F. Supp. 3d 505, 512 (E.D. Pa. 2019) (concurring with *McIntosh*). District courts have come to different conclusions regrading whether the rider constrains DOJ from using funds to prosecute a violation of supervised release based on use of medical marijuana. The *Jackson* court found that although "neither states nor the courts have authority to permit a defendant to use medical marijuana during his or her supervised release," the rider "prohibits DOJ from using funds to prosecute a violation of supervised release." 388 F. Supp. 3d at 510, 513. That court, however, also found an individual not in compliance with state law could be prosecuted by DOJ. *Id.* (adopting *McIntosh's* strict compliance standard). Another district court declined to follow the *Jackson* court's reasoning and found that the rider had no application to the prosecution of a defendant for violations of supervised release. *United States v. Johnson*, No. CR 10-10087-NMG, 2022 WL 3327518, at *5-6 (report and recommendation) (D. Mass. Aug. 10, 2022), *adopted by district court on Aug. 10, 2022*.

The court finds it unnecessary to weigh in on these issues. The normal rule is that a party seeking injunctive relief bears the burden of proving such relief should be granted.

6

*Bilodeau*, 24 F.4th at 716 (citing *United States v. Evans*, 929 F.3d 1073, 1077 (9th Cir. 2019)); *accord MPAY Inc. v. Erie Custom Computer Applications, Inc.* 970 F.3d 1010, 1015 (8th Cir. 2020) ("the party seeking injunctive relief bears the burden of proving that the relevant factors weigh in its favor" (quotation omitted)).  Iowa law carefully limits how individuals who receive a Medical Cannabidiol Registration Card may use, distribute, possess, or cultivate what is still a controlled substance in the United States. *See generally* Iowa Code § 214E.  It also specifies that individuals possessing or using medical marijuana in violation of the act are subject to penalties.  *Id.* § 214E.16.  Defendant argues his marijuana use is authorized under Iowa law.  But the record in this case shows that Defendant is not compliant with Iowa's medical marijuana law.  Accordingly, Defendant has failed to carry his burden.

Specifically, although Defendant has shown that he is a registered medical marijuana user in Iowa, (docket no. 63 at 3), the record shows that Defendant has violated Iowa law.  At the detention hearing, both Defendant and his girlfriend testified that they smoke his medical marijuana together.  A registration card does not authorize Defendant to distribute marijuana to or "share" it with his girlfriend.  *See* Iowa Code §§ 214.401, 124E.16.  Any such distribution is unlawful under 21 U.S.C. 841 or Iowa Code § 214.401.  Next, Defendant and his girlfriend testified to smoking marijuana.  Iowa law also prohibits registered cardholders from smoking medical marijuana.  *Id.* § 124E.17 ("A patient shall not consume medical cannabidiol possessed or used as authorized under this chapter by smoking medical cannabidiol.").  Apart from the registration card, nothing in the record supports that Defendant is compliant with Iowa's medical marijuana law.  Rather, Defendant's marijuana activities are in violation of § 124E and he is subject to the penalties under Iowa law.  *See id.* at §124E.16.  Because Defendant is not a lawful user of marijuana in Iowa, the court finds he has failed to prove the relief requested should be granted.  Additionally, the court notes that although Defendant denies a failure to truthfully answer inquiries, (docket no. 60 at 1), even if Defendant was compliant with

7

Iowa law, Iowa's medical marijuana laws do not allow a defendant under the supervision of this court to be untruthful with USPO. In short, nothing in the record supports Defendant's argument that the petition should be dismissed. Regardless, Defendant has failed to show that he has complied with Iowa's medical marijuana laws and to carry his burden.[2] Accordingly, the court finds that Defendant has failed to show that DOJ should be enjoined from prosecuting Defendant's violations of supervised release.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion is **denied**.

**IT IS SO ORDERED** this 16th day of May, 2023.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Without deciding the scope of the rider, the court notes that even if the rider did limit DOJ's funding in these circumstances, its decision would be the same because Defendant has violated Iowa law. *See McIntosh*, 833 F.3d at 1179 (holding that the rider allows prosecutions of "[i]ndividuals who do not strictly comply with all state-law" medical marijuana regulations.).

8